IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01444-BNB

JAMES DOW VANDIVERE,

    Applicant,

v.

DEBORAH DENHAM, Warden, FCI Englewood,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, James Dow Vandivere, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the Federal Correctional Institution - Englewood in Littleton, Colorado. Mr. Vandivere initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On June 19, 2014, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response and address the affirmative defense of exhaustion of administrative remedies. Respondent filed a Preliminary Response (ECF No. 14) on July 10, 2014, and Mr. Vandivere filed a Reply (ECF No. 15) on July 23, 2014.

    The Court must construe the Application and Reply liberally because Mr. Vandivere is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, Mr. Vandivere's filings are held to standards less stringent than those governing a formal pleading drafted by an

attorney. *See id.* However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Vandivere currently is serving a 235-month prison sentence. Taking into account good-conduct time, his projected release date is July 12, 2015. (ECF No. 14-1 at 4). The § 2241 Application relates to Mr. Vandivere's desire to be placed immediately in a halfway house or Residential Reentry Center (RRC) to serve the final twelve months of his prison term in accordance with the Second Chance Act. Mr. Vandivere asserts that BOP officials lied when they informed him that there were no halfway houses that would accept sex offenders. He further contends that BOP officials have discriminated against him because of his sex offender status by blocking "each and every attempt at early release of any kind" in violation of 18 U.S.C. § 3624(c). He also asserts that BOP officials have "refused to offer any assistance" in locating his friends so that he could provide a release address, a requirement for placement in a halfway house. He also contends that BOP officials denied him RRC placement because they considered only one factor under 18 U.S.C. § 3621(b) and failed to consider the other two statutory factors. Finally, Mr. Vandivere asserts that it would have been futile to attempt to exhaust administrative remedies because the BOP administrative procedure would not have been completed in time for him to be awarded a twelve-month placement in a halfway house. In his Reply, Mr. Vandivere also contends that exhaustion was futile because according to BOP policy he is ineligible for early release beyond six months in a halfway house or RRC.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus

relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).  Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.  Inmates may not exhaust their administrative remedies by failing to employ them. *Jernigan v. Stuchell,* 304 F.3d 1030, 1033 (10th Cir. 2002).

The BOP administrative remedy procedure is available to Mr. Vandivere.  *See* 28 C.F.R. §§ 542.10–542.19.  The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue.  § 542.13.  If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated.  § 542.14.  If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel.  § 542.15.  An appeal to the general counsel is the final administrative appeal.  *Id.*

Respondent presents evidence that Mr. Vandivere has initiated the formal BOP administrative procedure 81 times since his incarceration began.  (*See* ECF No. 14 at 3; ECF No. 14-1 at 3).  None of those instances, however, relate to his claims in the Application.  (*Id.*).  Moreover, Mr. Vandivere concedes that he has not exhausted his

administrative remedies but asserts that his failure to do so should be excused due to futility. He contends that the administrative process is too slow and that it is unlikely that the BOP procedure would have been completed by July 2014, the date upon which Mr. Vandivere would have needed to be transferred to a halfway house in order to receive a twelve-month placement. (ECF No. 1 at 2-3). He also argues that his administrative remedy request would be rejected outright according to BOP policy based on general statements by BOP Director Harley Lappin regarding the Second Chance Act. (ECF No. 15 at 1-2, 5-6).

Despite this argument, futility does not excuse Mr. Vandivere's failure to exhaust administrative remedies. Mr. Vandivere allegedly discovered BOP officials' "lie" on May 13, 2014 and desired to be placed in a halfway house by July 2014. At a minimum, he had two months with which to engage the BOP administrative procedure. It was entirely possible that Mr. Vandivere could have completed the administrative process during that period. Had Mr. Vandivere pursued his administrative remedies, he may have achieved a result in his favor or otherwise obtained a final determination concerning his placement request. Simply because he opted not to exhaust his remedies, and he is now within twelve months of his release does not establish that exhaustion is futile. *See e.g., Samples v. Wiley,* 349 Fed. Appx. 267, 269 (10th Cir. Oct. 19, 2009) (holding that applicant's decision to put off engaging the BOP administrative process, and any delay or alleged futility that decision created, does not excuse his failure to exhaust his administrative remedies). Mr. Vandivere may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan,* 304 F.3d at 1033.

In addition, Mr. Vandivere's argument that BOP policy renders him ineligible for

early release for the full twelve month period also lacks merit.  Exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will not obtain relief on administrative appeal before the final year of his sentence.  The twelve-month mark in the Second Chance Act is an express statutory maximum, and not a mandated minimum.  *See* 18 U.S.C. 3624(c)(1)-(6).  That exhaustion could deprive Mr. Vandivere of RRC time is not, in and of itself, an extraordinary circumstance to warrant waiver of the exhaustion requirement.  *See e.g., Koger v. Maye,* No. 13-3007-RDR, 2013 WL 591040, at *2 (D. Kan. Feb. 14, 2013) (finding that petitioner did not met his burden of showing extraordinary circumstances that exempt him from exhaustion); *see also Ciocchetti v. Wiley,* 358 F. Appx. 20 (10th Cir. 2009) (rejecting inmate's futility argument based on BOP memoranda regarding placement in RRC that allegedly conflicted with the Second Chance Act), *cited with approval in Garza v. Davis,* 596 F.3d 1198, 1204 (10th Cir. 2010).

      For the above stated reasons, the Court finds that Mr. Vandivere fails to demonstrate that exhaustion of his administrative remedies would be futile.  Therefore, the instant action will be dismissed for failure to exhaust.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this  1st  day of    August   , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court